**Affirmed as Modified; Opinion Filed October 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01208-CR

**DERICK ARNOLD A/K/A DERRICK ARNOLD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-1263918-I**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers[1]
Opinion by Justice Myers

A jury convicted appellant Derick Arnold[2] of aggravated robbery with a deadly weapon and assessed his punishment—enhanced by two prior convictions—at life imprisonment. In two issues, appellant contends the trial court erroneously admitted (1) the complaining witness's medical records and (2) autopsy photographs of a second victim of appellant. Because the issues in this appeal involve the application of well-settled principles of law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We modify the trial court's judgment to comport with appellant's plea, and we affirm the judgment as modified.

---

[1] Justice David Lewis was a member of the original panel and participated in the submission of this case; however, he did not participate in this opinion. Justice David Bridges has reviewed the record and the briefs in this case. *See* TEX. R. APP. P. 41.1(b).

[2] Appellant's first name is spelled "Derick" in the indictment and judgment below, and in the notice of appeal and appellant's brief in this Court. However, appellant's first name is spelled "Derrick" in his own hand-written correspondence with the trial court, the State's proof of his prior convictions, and appellant's motion for new trial. Our record does not contain documentation of a name change or of appellant's true name. We use the spelling "Derick" to comport with the judgment on appeal in this Court.

**Background**

Edrick Walker, the complaining witness in this case, testified that he was trying to sell two televisions, and an acquaintance arranged a meeting between Walker and an interested buyer. However, when Walker arrived at the meeting place, a man approached him and demanded the televisions at gunpoint. Walker attempted to grab the gun, and the robber shot him in the left side. The robber then drove off in Walker's car, with the televisions. Walker was taken to the hospital where he underwent surgery and, afterwards, was interviewed by the police. Walker did not identify his assailant immediately. But the police received information identifying appellant as a suspect, and Walker then picked appellant's picture from a photo lineup. Appellant was charged and found guilty of aggravated assault; the jury found the enhancement allegations true and assessed his punishment at life in prison.

**Evidentiary Issues**

In this Court, appellant raises two issues involving the admission of evidence over his objections at trial. We review a trial court's decision to admit evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). Even if evidence is admitted in error, we must disregard the error unless it affected the appellant's substantial rights. TEX. R. APP. P. 44.2(b).

*Medical Records*

In his first issue, appellant contends the trial court erred in admitting Walker's medical records. The State offered the records pursuant to rule 902(10), which allows business records that would be admissible under certain hearsay exceptions to be admitted in evidence upon proper affidavit of a records custodian, provided that:

> such record or records along with such affidavit are filed with the clerk of the court *for inclusion with the papers in the cause in which the record or records are sought to be used* as evidence at least fourteen days prior to the day upon which trial of said cause commences.

–2–

TEX. R. EVID. 902(10)(a) (emphasis added). In this case, the authenticating affidavit bore the incorrect cause number, which led to the records' being filed in a different case, not "the cause in which the record or records [were] sought to be used." *See id.* The case in which the State filed the records happened to be a second case the State had brought against appellant, which was set for trial the same day. As a result, appellant's counsel was served in a timely manner with the records, and appellant received notice of the filing. It is undisputed that the State filed Walker's medical records under the incorrect cause number below.

Appellant argues admission of the misfiled records was erroneous and was harmful, pointing to the fact that Walker did not identify his assailant immediately. According to appellant, the medical records permitted the State to explain this delay by citing Walker's medical condition. Appellant quotes an excerpt from the State's closing argument: "Well, I'm sorry that he's pumped up full of drugs and that he's just come out of surgery and he doesn't give you exactly everything." Appellant contends this argument served to bolster Walker's credibility and, therefore, affected appellant's substantial rights.

However, we need not address whether the trial court admitted the records in error. The admission of evidence is harmless when the same evidence was offered and admitted elsewhere without objection. *Lane v. State,* 151 S.W.3d 188, 192–93 (Tex. Crim. App. 2004). The medical records do establish that Walker had undergone surgery and had been subject to the effects of drugs afterward. But Walker testified at trial, describing his surgery in detail and testifying that, when the investigating detective came to the hospital, "I wasn't right. I had a lot – I was on a lot of drugs." The jury heard essentially the same evidence that was in Walker's medical records, without objection, through the testimony of Walker himself. Thus, we have a fair assurance the admission of the records did not influence the jury, or had but a slight effect. TEX. R. APP. P.

44.2(b); *see Lane*, 151 S.W.3d at 192–93. We conclude the admission of the records was harmless, and we overrule appellant's first issue.

*Autopsy Photographs*

In his second issue, appellant argues the trial court erred by admitting a series of autopsy photos. During the punishment phase of the trial, the State undertook to prove appellant was also guilty of the unadjudicated murder of a man named Michael Scott. It was undisputed that the cause of Scott's death was multiple gunshot wounds. When the State offered ten photographs from Scott's autopsy showing the various wounds caused by the gunshots, appellant's counsel objected that the photographs were not relevant and, alternatively, that they were more unfairly prejudicial than probative. The trial court ruled specifically that the probative value of the photographs outweighed their prejudicial effect and admitted them.

Appellant concedes in this Court that Scott's murder was relevant to appellant's sentencing and that the autopsy photographs "have some probative value, showing the manner of Scott's death and the number of wounds he sustained." The issue, then, is whether the photographs' probative value is substantially outweighed by their unfairly prejudicial effect. *See* TEX. R. EVID. 403. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006). When addressing photographic evidence under rule 403, we look to such factors as the number of exhibits offered, their gruesomeness, their detail, their size, whether they are in color or in black and white, whether they are close-up, and whether the body depicted is clothed or naked. *Wyatt v. State,* 23 S.W.3d 18, 29 (Tex. Crim. App. 2000). We note as well that autopsy photographs are generally admissible unless they depict mutilation of the victim caused by the autopsy itself. *Hayes v. State*, 85 S.W.3d 809, 816 (Tex. Crim. App. 2002). And even changes rendered by the autopsy process are of minor

significance if the disturbing nature of the photograph is primarily due to the injuries caused by the appellant. *Id.* (citing *Santellan v. State,* 939 S.W.2d 155, 173 (Tex. Crim. App. 1997)).

The State offered ten photographs showing Scott's gunshot wounds. Given that Scott was shot six times, the number of photos was not excessive. Other than sutures, the photographs do not depict any changes rendered by the autopsy itself. The exhibits were in color at trial, although the copies in our record are in black and white. The body is not clothed, but the pictures display only Scott's upper torso, face, and neck. Some of the photos are close-up renderings of specific bullet wounds. The photographs are indicative of a violent death, but they are not—given the manner of death—inflammatory. One close-up photo of Scott's face shows that Scott was shot at the edge of his mouth, and that picture could be called gruesome. However, we conclude the photographs "depict nothing more than the reality of the brutal crime committed." *See Paredes v. State*, 129 S.W.3d 530, 540 (Tex. Crim. App. 2004). The trial court did not err in ruling the probative value of the photographs outweighed any unfair prejudice they might engender. *See Frank v. State*, 183 S.W.3d 63, 78 (Tex. App.—Fort Worth 2005, pet. ref'd) ("Photographs that depict the nature, location, and extent of a wound have been declared probative enough to outweigh any prejudicial effect.").

We discern no abuse of discretion in the admission of the autopsy photographs. We overrule appellant's second issue.

**Errors in Judgment**

In a single cross-point, the State contends the judgment incorrectly states that appellant pleaded "true" to the enhancement paragraphs in this case. An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 530 (Tex. App.—Dallas 1991, pet. ref'd). Our review of the record confirms that appellant pleaded "not

true" to each of the enhancement paragraphs.  We sustain the State's cross-point, and we modify the trial court's judgment to reflect the correct pleas.

**Conclusion**

We modify the judgment in this case to reflect that appellant pleaded "not true" to both punishment-enhancement paragraphs.  As modified, we affirm the trial court's judgment.


/Lana Myers/
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
131208F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DERICK ARNOLD A/K/A
DERRICK ARNOLD, Appellant

No. 05-13-01208-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F-1263918-I.
Opinion delivered by Justice Myers,
Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Plea to 1st Enhancement Paragraph:     **NOT TRUE**

Plea to 2nd Enhancement Paragraph:     **NOT TRUE**

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 17th day of October, 2014.